UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DILLON B., | Case No. 25-cv-374 (LMP/SGE) |
| Plaintiff, | |
| v. | ORDER GRANTING ATTORNEYS' FEES |
| FRANK BISIGNANO, *Commissioner of Social Security*, | |
| Defendant. | |

James H. Greeman, **Greeman Toomey, Minneapolis, MN**, for Plaintiff.

Ana H. Voss, **United States Attorney's Office, Minneapolis, MN**, James D. Sides and Sophie Doroba, **Social Security Administration, Baltimore, MD**, for Defendant.

On May 12, 2025, the Court granted the parties' stipulation to remand this action to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *See* ECF No. 11. Plaintiff Dillon B. timely moves for $852.60 in attorneys' fees. ECF No. 15. Defendant Frank Bisignano, the Commissioner of the Social Security Administration (the "Commissioner"), does not oppose the requested relief. ECF No. 20. The Court grants Dillon B.'s motion.

## ANALYSIS

The Equal Access to Justice Act ("EAJA") allows the Court to award attorneys' fees to the prevailing plaintiff in an action seeking judicial review of a denial of disability benefits unless the government's position was substantially justified or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Cornella v.*

*Schweiker*, 728 F.2d 978, 981–82 (8th Cir. 1984) (applying Section 2412 to Social Security cases). "Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position." *Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989). Here, Dillon B. is a prevailing party because the Court remanded the case to the Commissioner of Social Security for further action under sentence four of 42 U.S.C. § 405(g), ECF No. 11, and a "sentence four" remand qualifies Dillon B. as the prevailing party for EAJA purposes, *see Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). As the Commissioner does not argue that his position was substantially justified, the Court finds that Dillon B. is entitled to an award of attorneys' fees under the EAJA.

The Court must next consider whether the requested fees are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). The party seeking attorneys' fees bears the burden of proving the reasonableness of the hours and the rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).

Dillon B.'s attorneys spent 3.5 hours working on this case, ECF No. 17 at 2, ECF No. 18 at 2, which the Court finds eminently reasonable. *See Dianna L. B. v. Saul*, No. 19-cv-2561 (TNL), 2021 WL 733995, at *2 (D. Minn. Feb. 25, 2021) (explaining that "between 20 and 40 hours is a typical compensation range for counsel experienced in Social Security litigation" and collecting cases).

The attorneys seek a rate of $243.60 per hour. ECF No. 16 at 3. Under the EAJA, attorneys' fees "shall not be awarded in excess of $125 per hour" unless "an increase in the cost of living or a special factor" justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Dillon B.'s attorneys argue that an upward deviation is appropriate because they are entitled to a cost-of-living adjustment. ECF No. 16 at 3.

Courts may make a cost-of-living adjustment based on increases in the Consumer Price Index ("CPI") for urban consumers from 1996 (the year that the statutory fee cap was enacted) to present. *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Nonetheless, an increase "is not automatic." *McNulty v. Sullivan*, 886 F.2d 1074, 1074 (8th Cir. 1989) (per curiam). Courts calculate a cost-of-living adjustment by multiplying the standard EAJA rate by the CPI for urban consumers for each year attorneys' fees are sought, and then dividing the product by the CPI in the month that the cap was imposed—in this case, 151.7 for March 1996, the year the new statutory cap of $125 was put into place. *See Sarah K. v. Kijakazi*, No. 21-cv-2223 (ECW), 2022 WL 17584414, at *2 (D. Minn. Dec. 12, 2022). Here, Dillon B. calculates the $243.60 hourly rate by multiplying the $125 statutory rate by the average CPI in 2025 (295.64), then dividing that product by the March 1996 CPI, 151.7. ECF No. 16 at 3 n.2; ECF No. 19. Because it appears that the attorneys mostly worked on this case in 2025, ECF No. 17 at 2, ECF No. 18 at 2, using the average CPI for 2025 is appropriate, and the requested rate of $243.60 per hour is therefore reasonable. *See Matthew D. v. O'Malley*, No. 22-cv-276 (NEB/ECW), 2024 WL 665920, at *2 (D. Minn. Feb. 16, 2024) (finding that an unopposed request for an hourly rate of $233 based on the CPI to be justified); *Richard B. v. Kijakazi*, No. 22-cv-2039 (KMM/TNL), 2023 WL

3

4580984, at *2 (finding that an unopposed request for an hourly rate of $225 based on the CPI to be justified).

Because the Court finds that an award of 3.75 hours at a rate of $243.60 is reasonable, the Court grants Dillon B. $852.60 in attorneys' fees, which is consistent with (and indeed, falls well below) other EAJA awards in this District. *See Matthew D.*, 2024 WL 665920, at *2 (finding award of $9,786.00 was reasonable); *Richard B.*, 2023 WL 4580984, at *2 (finding award of $7,200.00 was reasonable); *Sarah K.*, 2022 WL 17584414, at *2 (finding award of $9,196.18 was reasonable); *Dianna L. B.*, 2021 WL 733995, at *2 (finding award of $8,672.60 was reasonable).

## CONCLUSION

Based on the foregoing, and all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED** that:

1. Dillon B.'s Motion for Attorneys' Fees (ECF No. 15) is **GRANTED**;

2. Dillon B. is awarded $852.60 in attorneys' fees under the EAJA; and

3. In accordance with the EAJA and *Astrue v. Ratliff*, 560 U.S. 586, 589, 592 (2010), the award is payable to Dillon B. as the litigant and subject to offset to satisfy any pre-existing debts that the litigant may owe to the United States.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 24, 2025					*s/Laura M. Provinzino*
						Laura M. Provinzino
						United States District Judge