**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

DILLON B.,                                                Case No. 25-cv-374 (LMP/SGE)

              Plaintiff,

v.                                                        **ORDER GRANTING IN PART**
                                                          **MOTION FOR**
FRANK BISIGNANO, *Commissioner of*                       **ATTORNEY'S FEES**
*Social Security*,

              Defendant.

---

James H. Greeman, **Greeman Toomey, Minneapolis, MN**, for Plaintiff.

James D. Sides and Sophia Doroba, **Social Security Administration, Baltimore, MD**, for Defendant.

On May 12, 2025, this Court granted Plaintiff Dillon B.'s and Defendant Frank Bisignano's ("Commissioner") stipulation for a remand to the Social Security Administration ("SSA") for reconsideration of Dillon B.'s application for disability benefits. ECF No. 11. After remanding to the SSA, the Court granted Dillon B. $852.60 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 22.

On remand to the SSA, an administrative law judge determined that Dillon B. was entitled to benefits as of March 2022. ECF No. 26 at 2. The SSA determined that Dillon B. was entitled to past-due benefits in the amount of $44,439 from April 2022 through March 2026. *Id.* at 3. Dillon B. now moves for an additional award of attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 24. The SSA has not responded to Dillon B.'s motion.

Under 42 U.S.C. § 406(b), a court may award a "reasonable fee" to a successful Social Security claimant's counsel for work performed before the court, in an amount not to exceed 25% of the total past due benefits awarded to the claimant. The 25-percent figure is an upper cap on fees, and counsel for a successful claimant must still "show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Court must perform an "independent check" to determine whether a requested fee award is reasonable. *Id.* Nonetheless, an award set by a contingency agreement "must be the anchor of the court's reasonableness analysis under § 406(b)." *Kertz v. Colvin*, 125 F.4th 1218, 1221 (8th Cir. 2025) (citation omitted).

Here, Dillon B. is a successful claimant because he prevailed before the SSA on remand, so he is entitled to fees under Section 406(b). ECF No. 26 at 2. Dillon B. seeks a fee award of $11,109.75, amounting to 25% of the past-due benefits awarded and the maximum permitted under Section 406(b). ECF No. 25 at 6. Dillon B. entered a contingency agreement with his counsel in which he agreed to pay 25% of any past-due benefits awarded. ECF No. 27 at 2. The fee agreement comports with the 25% statutory cap imposed by Section 406(b) and represents "the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. There is also no indication that Dillon B.'s counsel caused any delay in this matter or provided substandard representation. *Id.* at 808.

Nevertheless, the Court concludes that an award of $11,109.75 is so "large in comparison to the amount of time counsel spent on the case" as to represent a windfall to Dillon B.'s counsel. *Id.* Dillon B.'s counsel represents that a fee award of $11,109.75

would lead to an effective hourly rate of $3,174, meaning that Dillon B.'s counsel spent less than four recorded hours on his case. ECF No. 25 at 6. An effective hourly rate of $3,174 far exceeds even the top end of rates approved by courts in this District under Section 406(b). *See Gerry W. v. Dudek*, No. 23-cv-02010 (ECW), 2025 WL 1125478, at *3 (D. Minn. Apr. 16, 2025) (approving an hourly rate of $1,477.22 even though it was "on the high end of what courts in this District have found reasonable"); *Wilson v. Kijakazi*, No. 20-cv-1216 (SRN/LIB), 2023 WL 3884164, at *2 (D. Minn. June 8, 2023) (noting in 2023 that courts in this District have awarded "effective hourly rates at least as high as $1,229.63"). Dillon B.'s counsel cites no cases that bless such a high hourly rate.

The Court recognizes that the contingency fee agreement between Dillon B. and his attorney is the "anchor of the court's reasonableness analysis." *Kertz*, 125 F.4th at 1221. And the Court has no reason to question the quality of Dillon B.'s representation. Ultimately, Dillon B. prevailed in his case. But the Court also notes that this case "was never substantively reviewed by a federal judge because the Commissioner did not oppose [Dillon B.'s] motion to remand to the ALJ," which is a "legitimate basis for considering a downward adjustment." *Id.* at 1222. And an effective hourly rate of $3,174 is *more than double* the high end of the range of rates approved by courts in this District. *See Gerry W.*, 2025 WL 1125478, at *3; *Wilson*, 2023 WL 3884164, at *2. This hourly rate is simply out of proportion to the typical hourly rates in SSA cases. Indeed, when Dillon B.'s counsel sought fees under the EAJA, the effective hourly rate sought was $243.60. ECF No. 22 at 4. While the Court acknowledges the real risks of coming up empty in SSA contingency-fee cases, Dillon B.'s counsel provides no explanation why his services, which were valued

3

at $243.60 earlier in these proceedings, should now be valued thirteen times higher. *See Adamson v. Comm'r of Soc. Sec.*, No. 6:18-cv-03196-RK, 2021 WL 4896550, at *3 (W.D. Mo. Oct. 20, 2021) (holding request for Section 406(b) fees was unreasonable when the effective hourly rate was more than double counsel's EAJA rate). Finally, although Dillon B.'s counsel suggests that the complexity of this case weighs in favor of his requested fee award, ECF No. 25 at 4, the Court finds it dubious that this case was really all that complex if Dillon B.'s counsel was able to resolve it in the span of less than four hours.

Based on its "independent check" of the reasonableness of the requested fees, the Court will reduce Dillon B.'s award of attorney's fees by half: from $11,109.75 to $5,554.88. *Gisbrecht*, 535 U.S. at 807; *see Kertz*, 125 F.4th at 1222–23 (affirming reduction of Section 406(b) fee request under similar circumstances). That results in an effective hourly rate of $1,587.11, which is still higher than, but closer to, the top range of rates approved by courts in this District.

As for next steps, Dillon B. requests that his counsel be sent a net payment consisting of the Section 406(b) fee award minus the fee award already granted to Dillon B. under the EAJA. ECF No. 25 at 6. Given the lack of objection from the SSA, the Court will grant Dillon B.'s request and award a net payment of $4,702.28, which represents the $5,554.88 fee award minus the $852.60 fee award already granted to Dillon B. under the EAJA. *See Paula A. v. O'Malley*, No. 22-cv-2358 (KMM/DJF), 2024 WL 4542227, at *2 (D. Minn. Oct. 22, 2024) (granting fee award to counsel "reduced by the Court's original EAJA fee award").

**ORDER**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Dillon B.'s Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (ECF No. 24) is **GRANTED IN PART**; and

2. Dillon B.'s counsel is awarded $5,554.88 in fees, reduced by the Court's original EAJA fee award of $852.60, for a net total fee of $4,702.28, to be paid from Dillon B.'s past-due benefits, pursuant to 42 U.S.C. § 406(b) and SSA policy.

Dated: May 12, 2026

s/Laura M. Provinzino
Laura M. Provinzino
United States District Judge

5